```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
I. STEPHEN RABIN, on behalf of      :
himself and all other similarly     :    14-cv-4498
situated,                           :
                                    :    MEMORANDUM ORDER
        Plaintiff,                  :
                                    :
        -v-                         :
                                    :
DOW JONES & COMPANY, INC.,          :
                                    :      9/24/14
        Defendant.                  :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

This is a putative class action against Dow Jones on behalf of subscribers who allegedly paid inflated prices to renew their subscriptions. The Amended Complaint alleges that Circulation Billing Services and its related entities (collectively, "CBS"), obtained the defendant's subscription lists, sent official looking "Notices of Renewal" that fraudulently charged fees in excess of the subscription prices and, after collecting those fees and paying the actual subscription prices to the defendant, kept the excess for itself. Plaintiff asserts three claims against the defendant: (1) that defendant aided and abetted CBS's fraud, Amended Complaint ("Am. Compl.") ¶ 25; (2) that defendant violated Section 349 of the New York General Business Law ("NYGBL § 349"), id. ¶ 30; and (3) that defendant was negligent because it had a duty to notify its subscribers of CBS's fraudulent scheme, id. ¶¶ 33-34. Defendant now files a

1

motion to dismiss, arguing that plaintiff's claims all fail on the pleadings. After full briefing and oral argument, this Court agrees.

First, with respect to Count I (Aiding and Abetting Fraud), plaintiff fails to allege facts showing "substantial assistance" to CBS in the achievement of the fraud, as required under applicable New York law. See, e.g., Lerner v. Fleet Bank, N.A., 459 F.3d 273, 292 (2d Cir. 2006); Franco v. English, 201 A.D.2d 630, 633 (3d Dep't 1994). A defendant renders substantial assistance if, knowing of the principal's fraud, the defendant "affirmatively assists, helps conceal, or by virtue of failing to act when required to do so enables the fraud to proceed." McDaniel v. Bear Stearns & Co., Inc., 196 F. Supp. 2d 343, 352 (S.D.N.Y. 2002). Rabin relies on failure to act. Specifically, Rabin relies on the theory that Dow Jones's failure to inform its customers of CBS's fraudulent scheme, and failure to refund its customers' monies, constitutes substantial assistance to the fraud. Am. Compl. ¶ 25. But a failure to act requires that plaintiff plead facts showing that the defendant had an affirmative duty to act or that the inaction was intentionally designed to aid the fraud. See, e.g., Musali Factory for Gold & Jewelry v. JPMorgan Chase Bank, N.A., 261 F.R.D. 13, 23-25 (S.D.N.Y. 2009); In re Agape, 773 F. Supp. 2d 298, 322 (E.D.N.Y. 2011). Here, the defendant and its customers were in an arms-

length commercial relationship, which does not give rise to an affirmative duty. Furthermore, no specific facts have been pled, as required by Fed. R. Civ. P. 9(d) in fraud cases, see Musali, 261 F.R.D. at 23, to support the proposition that Dow Jones's alleged inaction was intentionally designed to aid CBS's fraud. Rather, the Amended Complaint shows the opposite - that defendant published notices warning its customers of the fraud. See, e.g., Am. Compl., Exhibit 1 (Barron's[1] Letter to Subscribers Regarding Fraudulent Renewal Practices).

Second, with respect to Count II (violation of NYGBL § 349), plaintiff fails to allege misleading acts or practices by the defendant. A claim for violation of the NYGBL § 349 "has three elements: (1) the defendant's challenged acts or practices must have been directed at consumers, (2) the acts or practices must have been misleading in a material way, and (3) the plaintiff must have sustained injury as a result." Cohen v. JPMorgan Chase & Co., 498 F.3d 111, 126 (2d Cir. 2007); see also Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20 (1995). There are no allegations in the Amended Complaint that defendant itself misrepresented anything. Insofar as plaintiff alleges that the defendant somehow deceptively contributed to CBS's fraud through its inaction, here, again, no actual facts from which the Court might infer a mutual deceptive

---

[1] Barron's is owned by Dow Jones.

3

scheme have been pled to support this conclusory allegation. *See, e.g., Soule v. Norton*, 750 N.Y.S. 2d 692, 695 (N.Y. App. Div. 2002) ("Plaintiffs' allegation that Visx conspired with the Norton defendants to engage in deceptive practices is not sufficient to defeat the motion because there are no allegations of fact from which it can be inferred that there was an agreement or understanding between Visx and the Norton defendants to cooperate in any fraudulent or deceptive scheme.").[2]

Third, with respect to Count III (Negligence), absent a special relationship, "[a] defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others, even where as a practical matter defendant can exercise such control." *Kazanoff v. United States*, 945 F.2d 32, 36 (2d Cir. 19991) (quoting *D'Amico v. Christie*, 71 N.Y.2d 76, 88 (1987)). While the Amended Complaint alleges in conclusory form a special relationship, Am. Compl. ¶ 33, it fails to plead particular facts supporting this conclusory allegation. Special relationships in this context have previously been relegated to quite narrow settings: master servant, parent child, common-carrier passenger (where the common carrier bears special responsibilities for its passengers' safety due to their

---

[2] Furthermore, to the extent that plaintiff seeks to apply its aiding and abetting theory to this Count, nothing on the face of § 349 suggests it applies to an aider and abettor, even assuming, contrary to fact, that the Amended Complaint adequately pled aiding and abetting.

4

inability to leave). *See, e.g.*, *Fahenstock & Co., Inc. v. Castelazo*, 741 F. Supp. 72, 76 (S.D.N.Y. 1990). Here, no such special relationship has been adequately pled or, indeed, exists.

For the foregoing reasons, defendant's motion to dismiss is granted in its entirety. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:  New York, NY
        September 23, 2014

JED S. RAKOFF, U.S.D.J.